UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv320

JAMES SCHWING,
        Plaintiff,

v.

TACO PACO, DAVID LOWERY,
DAVID BAUCOM, and OUTLAWS
INC. GANG,
        Defendants.

**ORDER**

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e). The Court has examined all of the filings existing at present in this case, including Plaintiff's Motion to Proceed in forma pauperis (Doc. #1), Complaint (Doc. #2), and Addendums (Docs. #3-4). After a thorough consideration of the issues presented, the Court will dismiss the action for failure to state a claim.

## BACKGROUND

In his Complaint, Plaintiff alleges that Defendants are members of the "M.A.L. Outlaws Inc. gang" who made threats against his life. (Compl. at 1-3.) Plaintiff also accuses Defendants of multiple murders, racketeering, human trafficking, kidnapping, and drug smuggling. (Compl. at 3.) As a result of these various offenses, Plaintiff believes that he is entitled to an "emotional cash settlement." (Compl. at 5.) Plaintiff's second Addendum (Doc. 4) largely repeats and embellishes the claims made in Plaintiff's Complaint, while seeking the additional remedies of "US federal witness protection plan" and an "independent own my own."

In his motion to proceed in forma pauperis, Plaintiff indicates that he has been unemployed for 30 years (Doc. 1 at 2) but that he receives income from the "Highway deptex" and the "Defense

1

Deptt Pentegon." In his first Addendum (Doc. 3), Plaintiff has supplemented his financial disclosures to show additional monthly income from the federal witness protection program, as well as his expectation of a "cash certified settlement for testifying" within the next 12 months.

## ANALYSIS

Pursuant to 28 U.S.C. 1915(e)(2)(B), the Court must dismiss an in forma pauperis complaint if "the action . . . (i) is frivolous or malicious" or if the action "(ii) fails to state a claim upon which relief may be granted." A district court has broad discretion to police in forma pauperis filings to prevent abuse of the statute. See Nagy v. FMC Butner, 376 F.3d 252, 255, 257 (4th Cir. 2004).

In the present case, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief can be granted. First, the allegations of murder, kidnapping, drug smuggling, and human trafficking made against the Defendants by the Plaintiff do not assert any damages suffered by the Plaintiff as a result of these actions. Accordingly, these claims will be dismissed for failure to state a claim upon which relief may be granted, at least as to the Plaintiff in this case. Second, the Plaintiff's allegation that the Defendants threatened his life also fails to state a claim upon which relief may be granted. Although making threats might subject the Defendants to criminal prosecution, see N.C. Gen. St. § 14-277.1, these purported actions, standing alone, do not create civil liability and are conclusory. Given the somewhat bizarre statements made by Plaintiff in his various court filings, this Court also concludes that the suit is factually frivolous. See Neitzke v. Williams, 490 U.S. 319, 325-28 (1989) (holding that a complaint is frivolous if it contains fanciful, fantastic, or delusional factual allegations).

However, Plaintiff is notified that if he fears for his safety or has information about criminal activity, he should report these circumstances to the appropriate law enforcement authorities without delay.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Complaint in this case is <u>dismissed</u>.

Signed: August 18, 2010

Richard L. Voorhees
United States District Judge